## In re KAPITOFSKY.

(District Court, E. D. New York. August 28, 1926.)

### No. 14092.

**Bankruptcy ⊜=384—Evidence held not to sustain objection to confirmation of composition on ground of failure to keep books.**

Objection to confirmation of composition on the ground that bankrupt failed to keep proper books *held* not sustained by evidence.

In Bankruptcy. In the Matter of Samuel Kapitofsky, bankrupt. On motion to confirm composition and objections by single creditor. Composition confirmed.

Isidor Block, of New York City, for bankrupt.

Irvin A. Edelman, of New York City, for objecting creditor.

CAMPBELL, District Judge. This matter comes before the court on a motion for an order confirming the composition proposed by the above named bankrupt, and for an order confirming the special master's report and directing that the specifications of objections to the proposed composition of the above named bankrupt be dismissed.

The firm of Ted Edelman, Inc., a creditor, interposed objections to the composition and filed the following specifications:

"First. For the reason that the bankrupt has committed an offense punishable by imprisonment under the Bankruptcy Act, in that he has knowingly and fraudulently made a false oath in this proceeding, in that he

testified upon a hearing before Hon. Patrick E. Callahan that certain creditors were not relatives of his, when in truth and in fact the said creditors were and are relatives, and said facts were known to the bankrupt, and were made by the bankrupt with the intent to deceive, hinder, and defraud his creditors.

"Second. For the reason that he has committed an offense punishable by imprisonment under the Bankruptcy Act, in that he has knowingly and fraudulently concealed, while a bankrupt, from his creditors, property and assets belonging to this estate, as follows: Moneys in the sum of at least $3,000.

"Third. For the reason that, with intent to conceal his true and financial condition, he has failed to keep books of account or records from which his financial condition might be ascertained."

The matter was referred to Referee Callahan as special commissioner, and he, after a hearing, has recommended that the specifications of objections to the proposed composition of the bankrupt herein be dismissed.

As to the special commissioner's disposition of the first and second specifications, there seems to be no objection; but the creditor stresses his objection to the dismissal of the third specification, and the court would have been aided by a more detailed statement of the reasons that moved the special commissioner in making his decision.

The question presented was argued before the special commissioner, and he saw the bankrupt and heard his testimony. I have no doubt that he believed, as I do, that a man who was in a hospital, at death's door, for some weeks before the involuntary petition was filed, did not destroy any records, and he was hardly to blame if the records in the form of bills and memoranda were lost or destroyed during that time.

On the hearing before the court the creditor urged as an objection that which formed the basis of no specification, viz. that the bankrupt made a conveyance to his wife without consideration, while insolvent, with intent to hinder and delay his creditors.

No amendment or motion to amend the specifications has been made by the objecting creditor, and it certainly did not gain its first knowledge of such conveyance on the hearing on its specifications, because the evidence there given was only a repetition of the evidence given by the bankrupt on the hearing had to frame specifications, and, if the creditor desired to urge such objection, it should have included it in its specifications of objections, and not waited.

I am familiar with the rule, which has been laid down by the courts in some districts, that amendments should be allowed to conform to the proof; but the proof in this case does not show that the bankrupt was insolvent when the deed was made to his wife, nor do I think that this court can indulge in a presumption that because, after a man engaged in a seasonable business had been dangerously ill and unable to attend to business for 13 weeks, and his stock had been sold out by others, he was insolvent before that time, simply because such stock, so sold, brought a price greatly below his total indebtedness.

The bankrupt says he was solvent at the time he made the conveyance to his wife, and there was no positive evidence offered to contradict that statement, only the suspicion based on the facts hereinbefore recited.

The composition offered is for the best interest of the creditors, and is so recognized by a large majority of the creditors, and the sole objecting creditor has failed to sustain its specification of objection, or show any reason why the report of the special commissioner should not be confirmed, the specifications of objections dismissed, and the composition confirmed.

Motion granted. Settle order on notice.